UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| LOUIE GIANNINI, | ) | No. ED CV 09-02253-JVS (VBK) |
| Petitioner, | ) | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK |
| v. | ) | OF SUBJECT MATTER JURISDICTION |
| JAMES D. HARTLEY, | ) | |
| Respondent. | ) | |

On December 10, 2009, Louie Giannini (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. §2254" and a "Petition for Writ of Habeas Corpus and Memorandum Ad Testificandum of Points and Authorities in Support Thereof." Petitioner was convicted on January 7, 1997 in San Bernardino County Superior Court.[1] (See Petition at 2.) Petitioner has raised the following claims: "(1) ineffective assistance of counsel; (2) judicial error; (3) discovery violation; and (4) ineffective assistance of appellate counsel." (See Petition at 5-6; attached pages 5-72.)

---

[1] Petitioner has failed to provide the nature of the offenses involved, the Penal Code sections or the length of his sentence.

It appears from the face of the petition that it is directed to the same 1997 San Bernardino County Superior Court conviction as a prior habeas petition filed by Petitioner in this Court on January 22, 2001, in Case No. ED CV 01-00647-DT (VBK).[2] On October 4, 2002, Judgment was entered in Case No. ED CV 01-00647-DT (VBK) denying the petition and dismissing the action with prejudice, pursuant to the District Judge's Order approving and adopting the Magistrate Judge's Report and Recommendation.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214)("the Act"), which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> "(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

---

[2] The Court takes judicial notice of its own files and records. See Mir v Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988). On January 22, 2001, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" which was given Case No. ED CV 01-00647-DT (VBK). In this petition, Petitioner raised the following claims: "(1) Ineffective assistance of trial counsel. Petitioner was denied assistance of any counsel whatsoever due to prejudice and counsel's pre-opinion of guilt; (2) Judicial error. The trial court ignored an attorney-client conflict of interest; (3) Judicial error. Allowing prejudicial uncharged or similar acts evidence into the trial; (4) Judicial error. The court abused its discretion by appointing Petitioner pro per on the advice of counsel, knowing Petitioner was not knowledgeable or qualified to waive any constitutional rights; (5) Ineffective assistance of appellate counsel. Counsel refused to submit meritorious issues to the Appellate Court; issues that were submitted to the Appellate Court were confusing, misleading and false; (6) Judicial error. Petitioner was denied counsel when presenting a motion for a new trial and during the sentencing phase; and (7) Petitioner received untimely and improper prosecution discovery."

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

  (3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>."
(Emphasis Added.)

  The Petition now pending constitutes a second and/or successive petition challenging the same conviction as Petitioner's prior habeas petition, within the meaning of 28 U.S.C. § 2244(b). Thus, it was incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court. Petitioner's failure to do so deprives the Court of subject matter jurisdiction.

  For the foregoing reasons, **IT IS ORDERED** that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section

1  2254 Cases in the United States District Courts.

2  **LET JUDGMENT BE ENTERED ACCORDINGLY.**

4  DATED: December 16, 2009    _____
                                JAMES V. SELNA
5                               UNITED STATES DISTRICT JUDGE

7  Presented this  14th  day of
   December, 2009 by:

              /s/
10 _____
   VICTOR B. KENTON
   UNITED STATES MAGISTRATE JUDGE

4